JOHN T. FAULK v. THOMAS T. CLACK.

Failure of consideration, will be no defence by the maker, to an action by the purchaser of a note sold at a sheriff's sale, unless it be proved that the purchase was made with knowledge of such defence.

APPEAL from the District Court of Ouachita, *Wilson*, J.
*McGuire*, for plaintiff and appellant.
*Garrett*, for appellee.

MORPHY, J.   A tract of land purchased of the estate of the late Gabriel J. Griffing, by one P. Averett, for five hundred and sixteen dollars, was afterwards sold by the latter to the defendant for one thousand five hundred dollars, payable in three notes of five hundred dollars each, drawn to the order of the seller, and maturing on the 1st of March of the years 1837, 1838 and 1839. In this sale it is mentioned that the property is subject to a mortgage in favor of Griffin's estate for the five hundred and sixteen dollars. The plaintiff, a judgment creditor of Averett, caused the second and third of these notes to be seized and sold under an execution against his said debtor, and bought them himself for the sum of two hundred dollars. The present suit is brought on the first of these two notes which became due on the first of March, 1838. The answer admits the execution of the note sued on, but avers that plaintiff ought not to have or maintain this action, because the consideration for which defendant's note was given has entirely

failed, and had failed before it came into the plaintiff's possession, of which fact he had full notice at the time of the sale of said note, and because defendant has been actually deprived of his pos- session of the property for which this note was given in part payment, by a decree in favor of Griffing's estate. The inferior court rendered a judgment in favor of defendant, from which plaintiff has appealed.

The record shows that in an hypothecary action instituted against defendant by Hempken, as administrator of Griffing's estate, a judgment was rendered decreeing him to pay the price yet due on the property by Averett, or to abandon it. The defen- dant thereupon made a relinquishment of the mortgaged premises, which were sold to satisfy this demand.

It is clear that the defendant having been thus evicted by reason of an incumbrance against which his vendor was bound by law to guarantee him, he would have been justified in refusing to pay the notes by him given for the purchase of the property, had they been sued on by said vendor; but this defence cannot be opposed to the plaintiff, who has become the purchaser of this note at the public sale made by the sheriff, unless it be proved that he pur- chased it with a knowledge of such defence. It appears on this head, that on the day that the sale of these notes took place, a public proclamation was made at the instance of defendant that the notes would not be paid, as he had a good defence to make against them, and that written notices to the same effect were posted up at the court house door and at a public tavern in Monroe. It appears moreover that plaintiff's agent purchased these notes after having seen these notices, and after having been fully warned by de- fendant that he would resist the payment of these notes, and had a good defence against them. Although the nature and merits of this defence were not disclosed (at least the evidence does not in- form us that they were), we incline to believe that the warning given was sufficient to put a prudent person on his guard. The plaintiff cannot now complain, if defendant sets up against him the failure of the consideration for which he gave this note. He took the risk of the defence which might be made, and obtained these notes for a trifling amount, which he did not even disburse, as it was credited on the execution he had taken against Averett, under

a judgment which had been assigned to him. It turns out to be an unsuccessful speculation, in which he loses however only the chance of being paid a bad debt. Our attention has been called to the testimony of the attorney of Hempken, the administrator of Griffing's estate. He testifies that he proposed to defendant to dismiss the hypothecary action brought against him if he would pay the first note of five hundred dollars due Averett, in March, 1837, but that the defendant answered that he would not do so, as he could, if the property were sold under the mortgage, get clear of his three notes to Averett of five hundred dollars each. It does not appear whether Hempken's attorney had then in hand the note proposed to be paid, and was ready to deliver it to defendant, and at the same time cancel the mortgage in favor of Griffing's estate. But even if such had been the proposition, however apparently favorable, defendant was under no obligation to accept it. His answer shows a readiness or determination, perhaps not very commendable, to free himself from the obligations of his contract with Averett, which he no doubt considered as an onerous one; but whatever were his motives for refusing the offer, they cannot vary the legal rights which he derives from the failure of his vendor to comply with his obligations towards him.

*Judgment affirmed.*